**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK MEIER, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>LARRY E. DAVIS, et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01192-KES-SKO<br><br>ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION<br><br>Doc. 1 |

Plaintiffs' complaint filed October 3, 2024, asserts shareholder derivative claims, including for breach of fiduciary duties, "gross mismanagement," "waste of corporate assets," breach of the duty of honest services, conspiracy, and conversion against various defendants. Doc. 2 ("Compl."). Plaintiffs assert their claims individually and on behalf of a class consisting of "all . . . similarly situated shareholders within the State of California." Compl. ¶ 2. On December 12, 2024, defendant Air-O-Fan Products Corp. ("Air-O-Fan") filed a consolidated motion to dismiss for failure to state a claim, motion for a more definite statement, and motion to strike, and, separately, a motion for bond pursuant to California Corporations Code section 800(b). Docs. 7, 8. Defendants Larry E. Davis; Larry Davis and Charlotte Davis, Trustees of the Larry and Charlotte Davis Living Trust; David Lincoln; Brent A. Davis, Trustee of the Brent A. Davis 2012 Irrevocable Trust; Davis and Davis Distributors; Davis Equipment,

1

Inc.; Davis and Davis Distributors No. 2, Inc.; and Vrad Products, Inc. (collectively, "Davis Defendants") also filed a motion for bond on December 13, 2024.  Doc. 11.  On January 6, 2025, following plaintiffs' failure to oppose the motions, the Court took the motions under submission. Doc. 15.

Defendants do not move to dismiss based on lack of subject matter jurisdiction.  However, the Court has reviewed the allegations in the complaint, and finds, as addressed below, that the complaint fails to establish federal subject matter jurisdiction.

"[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  "Federal courts are courts of limited jurisdiction," and the burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

First, 28 U.S.C. § 1331 grants federal courts jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  In their complaint, plaintiffs state that this Court "has subject matter jurisdiction over all causes of action asserted herein pursuant to . . . *the California Constitution* . . . because this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California."  Compl. ¶ 28 (emphasis added).  Therefore, plaintiffs do not facially allege any claim based on federal question jurisdiction.  Nor does a review of the allegations within the complaint indicate otherwise.  *See Flenory v. Macy's Inc.*, 1:23-cv-00297-JLT-SKO, 2023 WL 2313387, at 1 (E.D. Cal. Mar. 1, 2023) (issuing order to show cause regarding subject matter jurisdiction where plaintiff failed to "assert a claim under any federal law").

Second, 28 U.S.C. § 1332(a) provides jurisdiction over certain state law actions between citizens of different states, commonly known as "diversity jurisdiction."  Complete diversity is a requirement of 28 U.S.C. § 1332(a).  Accordingly, the "citizenship of each plaintiff [must

1  be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68
2  (1996).  For diversity purposes, the citizenship of an individual is "determined by her state of
3  domicile, not her state of residence." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir.
4  2001).  Corporations are citizens of their states of incorporation and their principal places of
5  business.  28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).

6  The four named plaintiffs in the complaint are individuals domiciled in Indiana,
7  Pennsylvania, and South Carolina.  Compl. ¶¶ 5–8.  However, plaintiffs purport to bring their
8  claims on behalf of a class consisting of "all similarly situated shareholders within the State of
9  California."  *Id.* at ¶ 2.  As plaintiffs allege the defendants to be domiciled in California, *id.* at
10 ¶¶ 9–26, it appears that the parties are not completely diverse.  *See Jefferson v. City of Fresno*,
11 1:16-cv-01298-LJO-SKO, 2016 WL 8731385, *3 (E.D. Cal. Nov. 4, 2016) (dismissing complaint
12 for lack of diversity where both plaintiff and defendant were citizens of California).  Nor have
13 plaintiffs alleged that the $75,000 amount-in-controversy requirement has been met.  *See* Compl.
14 ¶ 28; 28 U.S.C. § 1332(a).

15 To the extent that plaintiffs intend to bring their claim pursuant to the provisions of the
16 Class Action Fairness Act, *see* 28 U.S.C. § 1332(d), they fail to plead such jurisdiction.  For
17 example, nothing in their complaint suggests compliance with the requirements that the class
18 comprise 100 or more members and that the amount-in-controversy exceed $5,000,000.  *See Dart*
19 *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014) (affirming the
20 requirements of 28 U.S.C. § 1332(d)); 28 U.S.C. § 1332(d)(2)–(5).  Indeed, the complaint alleges
21 that the entire outstanding common and preferred stock of defendant Air-O-Fan is "held by 35
22 shareholders of record."  Compl. ¶ 76.  Therefore, the complaint fails to adequately plead
23 jurisdiction under § 1332(d).
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, the Court ORDERS:

1. Within fifteen days of the entry of this Order, plaintiffs SHALL show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.
2. Alternatively, within fifteen days of the entry of this Order, plaintiffs may voluntarily dismiss their complaint.
3. Failure to comply with this order will result in dismissal of this action for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   January 14, 2025

UNITED STATES DISTRICT JUDGE