UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MEIER, et al., | Case No. 1:24-cv-01192-KES-SKO |
| Plaintiffs, | ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | Doc. 1 |
| LARRY E. DAVIS, et al., | |
| Defendants. | |

Plaintiffs' complaint filed October 3, 2024, asserts shareholder derivative claims, including for breach of fiduciary duties, "gross mismanagement," "waste of corporate assets," breach of the duty of honest services, conspiracy, and conversion against various defendants. Doc. 2 ("Compl."). Plaintiffs assert their claims individually and on behalf of a class consisting of "all . . . similarly situated shareholders within the State of California." Compl. ¶ 2. On December 12, 2024, defendant Air-O-Fan Products Corp. ("Air-O-Fan") filed a consolidated motion to dismiss for failure to state a claim, motion for a more definite statement, and motion to strike, and, separately, a motion for bond pursuant to California Corporations Code section 800(b). Docs. 7, 8. Defendants Larry E. Davis; Larry Davis and Charlotte Davis, Trustees of the Larry and Charlotte Davis Living Trust; David Lincoln; Brent A. Davis, Trustee of the Brent A. Davis 2012 Irrevocable Trust; Davis and Davis Distributors; Davis Equipment,

1

1  Inc.; Davis and Davis Distributors No. 2, Inc.; and Vrad Products, Inc. (collectively, "Davis
2  Defendants") also filed a motion for bond on December 13, 2024.  Doc. 11.  On January 6, 2025,
3  following plaintiffs' failure to oppose the motions, the Court took the motions under submission.
4  Doc. 15.

5  Defendants do not move to dismiss based on lack of subject matter jurisdiction.  However,
6  the Court has reviewed the allegations in the complaint, and finds, as addressed below, that the
7  complaint fails to establish federal subject matter jurisdiction.  On January 15, 2025, the Court
8  issued an order requiring plaintiffs, within fifteen days, to show cause why the action should not
9  be dismissed for lack of subject matter jurisdiction.  Doc. 16.  Plaintiffs failed to file any response
10 and have not since communicated with the Court.

11 The court lacks subject matter jurisdiction over this action and it must therefore be
12 dismissed for lack of jurisdiction.  "[C]ourts . . . have an independent obligation to determine
13 whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."
14 *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  "Federal courts are courts of limited
15 jurisdiction," and the burden of establishing subject matter jurisdiction "rests upon the party
16 asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
17 "A federal court is presumed to lack jurisdiction in a particular case unless the contrary
18 affirmatively appears."  *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d
19 1221, 1225 (9th Cir. 1989).

20 First, 28 U.S.C. § 1331 grants federal courts jurisdiction "of all civil actions arising under
21 the Constitution, laws, or treaties of the United States."  In their complaint, plaintiffs state that
22 this Court "has subject matter jurisdiction over all causes of action asserted herein pursuant to . . .
23 *the California Constitution* . . . because this is a civil action in which the matter in controversy,
24 exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the
25 laws of the State of California or is subject to adjudication in the courts of the State of
26 California."  Compl. ¶ 28 (emphasis added).  Therefore, plaintiffs do not facially allege any claim
27 based on federal question jurisdiction.  Nor does a review of the allegations within the complaint
28 indicate otherwise.  *See Flenory v. Macy's Inc.*, 1:23-cv-00297-JLT-SKO, 2023 WL 2313387, at

1 (E.D. Cal. Mar. 1, 2023) (issuing order to show cause regarding subject matter jurisdiction where plaintiff failed to "assert a claim under any federal law").

Second, 28 U.S.C. § 1332(a) provides jurisdiction over certain state law actions between citizens of different states, commonly known as "diversity jurisdiction." Complete diversity is a requirement of 28 U.S.C. § 1332(a). Accordingly, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, the citizenship of an individual is "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Corporations are citizens of their states of incorporation and their principal places of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).

The four named plaintiffs in the complaint are individuals domiciled in Indiana, Pennsylvania, and South Carolina. Compl. ¶¶ 5–8. However, plaintiffs purport to bring their claims on behalf of a class consisting of "all similarly situated shareholders within the State of California." *Id.* at ¶ 2. As plaintiffs allege the defendants to be domiciled in California, *id.* at ¶¶ 9–26, the parties are not completely diverse. *See Jefferson v. City of Fresno*, 1:16-cv-01298-LJO-SKO, 2016 WL 8731385, *3 (E.D. Cal. Nov. 4, 2016) (dismissing complaint for lack of diversity where both plaintiff and defendant were citizens of California). Nor have plaintiffs alleged that the $75,000 amount-in-controversy requirement has been met. *See* Compl. ¶ 28; 28 U.S.C. § 1332(a).

To the extent that plaintiffs intend to bring their claim pursuant to the provisions of the Class Action Fairness Act, *see* 28 U.S.C. § 1332(d), they fail to plead such jurisdiction. For example, nothing in their complaint establishes compliance with the requirements that the class comprise 100 or more members and that the amount-in-controversy exceed $5,000,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014) (affirming the requirements of 28 U.S.C. § 1332(d)); 28 U.S.C. § 1332(d)(2)–(5). Indeed, the complaint alleges that the entire outstanding common and preferred stock of defendant Air-O-Fan is "held by 35 shareholders of record." Compl. ¶ 76. Therefore, the complaint fails to adequately plead jurisdiction under § 1332(d).

Accordingly, the Court ORDERS:

1. This action is dismissed without prejudice for lack of jurisdiction.
2. Defendants' motion to dismiss, Doc. 8, and defendants' motions for bond, Docs. 7, 11, are DENIED as moot; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   February 10, 2025

_____
UNITED STATES DISTRICT JUDGE

4